IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY DEWAYNE JORDAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-392 |
| ) | |
| JERRY LESTER, Warden, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Anthony DeWayne Jordan filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus (ECF No. 1). Before the Court is the motion to dismiss (ECF No. 11) filed by the Attorney General for the State of Tennessee on behalf of the respondent. The petitioner has not filed a response to the motion to dismiss; the Court therefore deems petitioner to have waived his opposition to the dispositive motion. M.D. Tenn. LR 7.01(b). After reviewing the record and applicable law, the Court concludes that the petitioner's § 2254 petition is time-barred.

**I.   Procedural History**

The petitioner challenges his 2009 convictions for rape of a child in the Criminal Court of Davidson County, Tennessee. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the relevant documents pertaining to petitioner's judgment of conviction and post-conviction proceedings.

A Tennessee Grand Jury issued a twenty-two-count indictment, charging the petitioner with ten counts of rape of a child, two counts of aggravated sexual battery, six counts of rape, three counts of statutory rape by an authority figure, and one count of aggravated statutory rape, on November 20, 2007. (Indictment, ECF No. 11-1, at 5–28.) The petitioner entered a plea of guilty to two counts of rape of a child on August 31, 2009. (ECF No. 11-1, at 29--30.) On the same day, the state trial court accepted the plea, entered judgment against the petitioner on the two counts to which he pleaded guilty, dismissed the

other counts of the indictment, and sentenced the petitioner to two concurrent prison terms of twenty-five years each, in accordance with the terms of the plea agreement. (ECF No. 11-1, at 33–34.)

The petition to enter a plea of guilty included an acknowledgement that, by pleading guilty, the petitioner gave up the right he would have if convicted by a jury "to have an appellate review [of] the basis of [his] conviction." (ECF No. 11-1, at 30.) The order accepting the guilty plea likewise noted that, by pleading guilty, the petitioner "waive[d] the right to a trial and appellate review of the conviction." (ECF No. 11-1, at 32.)

The petitioner did not appeal his conviction or sentence, but he did file a *pro se* petition for post-conviction relief. The post-conviction petition was signed by the petitioner, and his signature notarized, on November 6, 2009. (ECF No. 11-1, at 44.) November 6, 2009 was therefore the earliest date that the post-conviction petition could have been filed.[1] Counsel was appointed to represent the petitioner, and an amended post-conviction petition was filed. The petition was denied after an evidentiary hearing, and the Tennessee Court of Criminal Appeals affirmed. *Jordan v. State*, 2010 WL 5343319 (Tenn. Ct. Crim. App. Dec. 22, 2010). The Tennessee Supreme Court denied permission to appeal on April 13, 2011. *Id.* The petitioner filed the pending habeas corpus petition on April 11, 2012.[2] The respondent moves to dismiss the petition based upon the statute of limitation.

## II. Conclusions of Law

The petitioner's habeas petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA includes one-year statute of limitations, which applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment

---

[1] The state court's ruling reflects that the *pro se* petition was filed on November 12, 2009, but it appears that that was the date on which the petition was received in the Davidson County Criminal Court Clerk's Office. (3/5/10 Order at 1, ECF No. 11-1, at 57.) Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. Giving the petitioner here the benefit of the doubt, the Court will presume that the document was given to prison authorities for mailing on the same day it was signed by the petitioner.

[2] The petition was received by the Clerk's Office in the Middle District of Tennessee on April 16, 2012. The envelope, however, bears a stamp showing it was post-marked on April 12, 2012. The petition was signed, dated, and notarized on April 11, 2012. Again, the Court will presume that the document was given to prison authorities for mailing on the same day it was signed by the petitioner.

of conviction "became final by direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "The [statutory] tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *see also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (an application for state post-conviction relief or other collateral review "tolls, but does not restart" the limitations period).

The respondent argues that because the prisoner pleaded guilty on August 31, 2009, and in doing so waived his right to appellate review, the judgment of conviction became final on August 31, 2009. The respondent provides no legal support for that position, however, and the Court finds, based on the wording of the AEDPA and Tennessee case law, that the judgment became final thirty days after the judgment was entered. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that the limitation period runs from the "date on which the judgment became final by direct review or the expiration of the time for seeking such review"); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[W]e hold that a judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence . . . regardless of whether there has been a waiver of the right to appeal."). The judgment therefore became final on September 30, 2009, and the statute of limitation commenced running at that time. In the absence of any tolling, the petitioner had until September 30, 2010 to file his habeas petition.

The petitioner's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation). The state post-conviction petition was filed on November 6, 2009, at which time 37 days of the one-year statute of limitations had elapsed, leaving 328 days for filing a federal habeas corpus petition. The Tennessee Supreme Court denied permission to appeal the denial of post-conviction relief on April 13, 2011. The state court decision became final on that date, and the limitations period for filing a petition under § 2254

expired 328 days later, on March 6, 2012.³ The petition that initiated this case was filed, at the latest, on April 11, 2012. Accordingly, the habeas corpus petition was not timely and is barred by the statute of limitations. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'" (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000))).

### III.     Conclusion

For the reasons set forth herein, the motion to dismiss will be granted, the petition for habeas corpus relief denied, and this matter dismissed. An appropriate order is filed herewith.

                                                        Kevin H. Sharp
                                                        United States District Judge

---

³ February had 29 days in 2012. Even if the plaintiff thereby gained an extra day, the statute of limitations had still expired by the time he filed his petition in April.